## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR81 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JASON HAWTHORNE, | ) | |
| MICHAEL DAVIS, | ) | |
| CHAD WINTERS, | ) | |
| KENNY DOFNER, | ) | |
| GREGORY STANEK and | ) | |
| BRADFORD WINNIE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to sever by defendants Michael Davis (Davis) (Filing No. 120), Kenny Dofner (Dofner) (Filing No. 122), Gregory Stanek (Stanek) (Filing No. 55), and Bradford Winnie (Winnie) (Filing No. 118). Each of the defendants seek the severance of their trial on the Superseding Indictment from the remaining co-defendants. The Superseding Indictment charges as follows:

| Count | Defendants | Charge & Date of Offense |
|---|---|---|
| I | Hawthorne, Winters, Dofner & Stanek | Conspiracy to distribute methamphetamine 21 U.S.C. § 846 (1/27/09 to 2/27/09) |
| II | Hawthorne, Winters, Dofner & Stanek | Use and carrying of a firearm during drug trafficking crime 18 U.S.C. § 924(c) (2/26/09) |
| III | Hawthorne, Dofner & Stanek | Felon in possession of a firearm 18 U.S.C. § 922(g) (2/26/09) |
| IV | Hawthorne, Winters, Dofner & Stanek | Possession of an unregistered firearm 26 U.S.C. § 5861(d) (2/26/09) |
| V | Hawthorne, Winters, Dofner & Stanek | Forfeiture of firearms 18 U.S.C. § 924(d) |
| VI | Hawthorne, Davis & Winnie | Possession of stolen firearms 18 U.S.C. § 922(j) (1/15/09) |


| | | |
|---|---|---|
| VII | Hawthorne & Davis | Felon in possession of firearms<br>18 U.S.C. § 922(g) (1/15/09) |
| VIII | Hawthorne, Davis & Winnie | Forfeiture of firearms<br>18 U.S.C. § 924(d) |
| IX | Hawthorne & Davis | Distribution of marijuana<br>21 U.S.C. § 841(a)(1) (1/16/09) |
| X | Hawthorne & Davis | Distribution of methamphetamine<br>21 U.S.C. § 841(a)(1) (1/29/09) |
| XI | Hawthorne & Davis | Distribution of methamphetamine<br>21 U.S.C. § 841(a)(1) (2/2/09) |
| XII | Hawthorne | Possession of unregistered firearm<br>26 U.S.C. § 5861(d) (2/2/09) |
| XIII | Hawthorne | Felon in possession of a firearm<br>18 U.S.C. § 922(g) (2/2/09) |
| XIV | Hawthorne | Forfeiture of firearms<br>18 U.S.C. § 924(d) |
| XV | Hawthorne & Davis | Distribution of methamphetamine<br>21 U.S.C. § 841(a)(1) (2/11/09) |
| XVI | Hawthorne | Distribution of methamphetamine<br>21 U.S.C. § 841(a)(1) (2/17/09) |
| XVII | Hawthorne | Possession of unregistered firearm<br>26 U.S.C. § 5861(d) (2/17/09) |
| XVIII | Hawthorne | Felon in possession of firearm<br>18 U.S.C. § 922(g) (2/17/09) |
| XIX | Hawthorne | Forfeiture of currency 21 U.S.C. § 853 |
| XX | Davis | Conspiracy to distribute methamphetamine<br>21 U.S.C. § 846 (9/24/08 to 2/26/09) |
| XXI | Winters | Possession of unregistered firearm<br>26 U.S.C. § 5861(d) (1/30/09 to 2/17/09) |

| | | |
|---|---|---|
| XXII | Winnie | Felon in possession of firearms 18 U.S.C. § 922(g) (1/15/09) |

The court held a consolidated hearing on the motions to sever on July 30, 2009. Davis was present with his attorney, James R. Kozel. Dofner was present with his attorney, Barbara J. Thielen. Stanek was present with his attorney, Dana C. Bradford, III. Winnie was present with his attorney, Beau G. Finley. The United States was represented by Assistant U.S. Attorney Maria R. Moran. During the hearing the court heard the testimony of Special Agent Clay Nolte (Agent Nolte) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATF). The court received into evidence a time-line chart (Exhibit 1) and a grouping of text messages (Exhibit 2). The court took judicial notice of the Superseding Indictment (Filing No. 70) and the transcript of the preliminary hearing (Filing No. 110). A transcript (TR.) of the motion hearing was filed on August 10, 2009 (Filing No. 142).

Generally, the moving defendants seek severance based upon the disparity in the quantum of evidence and charges as relating to other defendants, particularly Hawthorne (TR. 8). The government argues while each of the defendants was not involved in each specific count of the Superseding Indictment, all of the defendants participated in a series of acts or transactions that led up to the procuring of drugs and firearms which culminated in the planned home invasion on February 26, 2009, for the purpose of robbing another of drugs (Government Brief - Filing No. 126, p. 3). The government asserts the defendants are properly joined pursuant to Fed. R. Crim. P. 8 and such joinder is not prejudicial warranting severance under Fed. R. Crim. P. 14.

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court stated:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a

> jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See** *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. **See, e.g.,** *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979) (per curiam). The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211, 107 S. Ct. at 1709.

*Zafiro*, 506 U.S. at 539; **see also** *United States v. Pou*, 953 F.2d 363, 368 (8th Cir. 1992). There is a preference in the federal system for joint trials of defendants who are indicted together as joint trials play a vital role in the criminal justice system. *Zafiro*, 506 U.S. at 537. "The prerequisites for joinder are liberally construed in favor of joinder." *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994). Joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The Eighth Circuit has held that "[r]arely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995); **see** *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir. 1996).

In *United States v. Lewis*, 557 F.3d 601 (8th Cir. 2009), the Eighth Circuit stated:

> When defendants are properly joined, "there is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States Flores*, 362 F.3d 1030, 1039 (8th Cir 2004) (**quoting** *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995)). This presumption can only be overcome if the prejudice is "severe or compelling." *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008).

*Lewis*, 557 F.3d at 609. A defendant must show his defense is irreconcilable with a codefendant or the jury would be unable to compartmentalize the evidence. *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir. 1997).

The Eighth Circuit further expounded in *Lewis*:

> We have stated that "[t]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *United States v. Johnson*, 944 F.2d 396, 402 (8th Cir. 1991). "[A] defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." *Id.* at 403. Antagonistic defenses require severance "only when there is a danger that the jury will unjustifiably infer that this conflict . . . alone demonstrates that both are guilty." *United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002) (internal quotation marks omitted). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986).

*Lewis*, 557 F.3d at 609-10.

Furthermore, there is no requirement for severance when the quantum of evidence against each codefendant may be unequal, dissimilar, or less damaging. This is true even if the likelihood of acquittal is decreased. *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006). Nothing presented by the moving defendants would make it unlikely that the jury could not compartmentalize the evidence against each defendant and determine the culpability of each defendant as to each count charged.

The government's time-line chart (Exhibit 1) is most persuasive that there should be a joint trial of this matter keeping in mind the principles set forth above since the offenses charged are of a similar character and are a part of a common scheme and plan. The separate motions to sever of the moving defendants will be denied.

**IT IS ORDERED:**

The motions to sever (Filing Nos. 55, 118, 120 and 122) are denied.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 9th day of September, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge