IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:9-CR-81 |
| vs. | ORDER |
| GREGORY STANEK, | |
| Defendant. | |

Presently before the Court is the defendant's Motion for Compassionate Release. Filing 437. The defendant was sentenced in 2010 to a cumulative term of incarceration of 382 months to be followed by a five-year term of supervised release for drug conspiracy and firearm possession crimes. Filing 264 (Judgment). The defendant seeks compassionate release under USSG § 1B1.13(b)(6) for an "unusually long sentence." Filing 437 at 1. For the reasons stated below, the defendant's Motion for Compassionate Release is denied.

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since the prison warden received his request. *See*

Filing 437 at 3 (showing that the defendant submitted his request to the warden on October 11, 2024). The Court therefore turns to the merits of the defendant's Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13(b)(6) of the United States Sentencing Guidelines permits courts to grant compassionate release to defendants who have received "an unusually long sentence" under specific circumstances. Section 1B1.13(b)(6) provides,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the

motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6).

The defendant's Motion fails for two reasons. Although the defendant has served more than ten years of imprisonment, he has not identified any changes in the law that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* Moreover, "full consideration of the defendant's individualized circumstances" indicates that the defendant should not receive compassionate release.

First, there has been no "change in the law" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," a prerequisite to relief under USSG § 1B1.13(b)(6). The defendant identifies "the First Step Act" and the contention that "his previous charges are no longer considered [ ] crime[s] of violence" as "legal change[s]" that permit a reduced sentence under this provision. Filing 437 at 1. The defendant does not elaborate on how these changes support his Motion for Compassionate Release, and that alone is fatal to his Motion. *See Avalos Banderas*, 39 F.4th at 1062 (providing that the burden to establish entitlement to compassionate release is on the defendant and that the Court "is not required to investigate possible avenues for relief or to develop the record in support of a motion"); *see also United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (stating that the Court need not "make a specific rejoinder to every circumstance cited in support of a reduction").

However, even a cursory review of the record demonstrates that any intervening changes in the law between 2010 when the defendant was sentenced and today would not have "produce[d] a gross disparity" between the sentence imposed and the sentence that the defendant would receive today. USSG § 1B1.13(b)(6). The First Step Act does not impact any of the

3

crimes charged against the defendant. *See* Pub. L. No. 115-391, 132 Stat. 5194. Nor would the defendant have been safety-valve eligible under the amendment to 18 U.S.C. § 3553(f), which was expanded safety-valve eligibility to any defendant without, in relevant part, "a prior 2-point violent offense, as determined under the sentencing guidelines." Pub. L. No. 115-391, 132 Stat. 5194. Presumably, this is the basis of the defendant's argument that "his previous charges are no longer considered [ ] crime[s] of violence." Filing 437 at 1. But this argument fails: Section 4B1.1 of the Sentencing Guidelines specifically provides that felony robbery is a "crime of violence," and the defendant has a felony bank robbery conviction for which he was assessed three criminal history points. Filing 266 at 15 (¶ 66). Thus, the defendant has not identified any change in the law that makes him eligible for compassionate release under USSG § 1B1.13(b)(6).

Second, even if the defendant were eligible for compassionate release under USSG § 1B1.13(b)(6), the Court would decline to grant compassionate release in this case "after full consideration of the defendant's individualized circumstances." Under U.S.S.G. 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the 18 U.S.C § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

4

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Consideration of these factors indicate that granting compassionate release in this case would be inappropriate. The defendant had a total offense level of 34—which does not even factor in the defendant's use and possession of a firearm in furtherance of the drug-trafficking crime—due to the large quantity of methamphetamine (2.268 kilograms) and cocaine (5 kilograms) involved in this case. Filing 266 at 7 (¶ 27). Thus, the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1)—namely, the defendant's participation in an armed drug-trafficking conspiracy—weighs heavily against granting compassionate release. The defendant's criminal history apart from this conduct is long and varied, involving theft crimes (including bank robbery), drug crimes, and driving under the influence. Accordingly, the "history and characteristics of the defendant" also weighs against granting compassionate release.

Reducing the defendant's sentence would also be inconsistent with the factors under 18 U.S.C. § 3553(a)(2). Regarding the need for "deterrence" and for the "sentence imposed [ ] to reflect the seriousness of the offense," id. § 3553(a)(2)(A), The defendant received a low-end guideline sentence of 382 months' incarceration total. Filing 278 (Judgment). Further reduction of the defendant's sentence would not serve these important sentencing goals under 18 U.S.C § 3553(a). The Court has also considered the remaining applicable 18 U.S.C § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence, either. The Court

5

concludes that upon applying the 18 U.S.C. § 3553(a) factors, the defendant should not be given relief. Accordingly,

IT IS ORDERED that the defendant's Motion for Compassionate Release, Filing 437, is denied.

Dated this 12th day of December, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge