IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY STANEK,<br><br>Defendant. | 8:09-CR-81<br><br>**ORDER** |

    This matter is before the Court on the defendant's Motion for Compassionate Release. Filing 441. Because the defendant has not exhausted his administrative remedies pursuant to 18 U.S.C § 3582(c)(1)(A), the Court will deny the Motion without prejudice.

    Defendants must exhaust their administrative remedies with the warden of their facility before the Court may grant compassionate release. 18 U.S.C § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."). "This requirement is a mandatory claim-processing rule." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Courts in this circuit have consistently held that defendants "bear[ ] the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion." *United States v. Clark*, No. 11-3034, 2020 WL 4507325, at *3 (N.D. Iowa Aug. 5, 2020) (quoting *United States v. Kinley*, No. 16-10018, 2020 WL 2744110, at *2 (W.D. Ark. Apr. 17, 2020)).

    Here, because the defendant did not submit a request with the warden of his facility before filing the instant Motion, *see* Filing 441, he has not exhausted his administrative remedies. *See Clark*, 2020 WL 4507325, at *3 (placing the burden to demonstrate exhaustion of administrative

1

remedies on the defendant). Although the defendant exhausted his administrative remedies prior to filing a previously denied Motion for Compassionate Release, Filing 437, "each compassionate release motion must independently satisfy the exhaustion requirement." *United States v. Crockett*, No. 18-166, 2022 WL 2116846, at *14 (D. Md. June 13, 2022) (collecting cases); *see also United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) ("But the July 2020 request [to the warden] served as the predicate for [the defendant's] first motion in the district court, which was denied in September 2020, and could not have initiated the administrative process for his January 2021 motion[.]"). Thus, the Court cannot reach the merits of the defendant's present Motion because he has not satisfied the exhaustion requirement. The Court must "dismiss unexhausted compassionate-release motions without prejudice." *Houck*, 2 F.4th at 1084. Accordingly,

IT IS ORDERED that the defendant's Motion for Compassionate Release, Filing 441, is denied without prejudice.

Dated this 1st day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge